IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CARLA RANSOM, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | |
| LEVY SECURITY CORPORATION, | ) | Magistrate Judge |
| an Illinois Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the plaintiff, CARLA RANSOM, by and through her attorneys Seth R. Halpern and Carlie S. Marvel of MALKINSON & HALPERN, P.C., and complains of the defendant, LEVY SECURITY CORPORATION, an Illinois corporation, as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, CARLA RANSOM (hereinafter "RANSOM" or "plaintiff"), is an African-American citizen of the State of Indiana and presently resides at 879 Joliet Street, Unit 110, in the City of Dyer, County of Lake, State of Indiana.

2. Defendant, LEVY SECURITY CORPORATION (hereinafter referred to as "LEVY" or "defendant") is an Illinois corporation doing business in Illinois. At all relative times, defendant had a business office and conducted business at 8750 West Bryn Mawr Avenue, in the City of Chicago, County of Cook, State of Illinois. Defendant is engaged in an industry affecting commerce and, at all times pertinent hereto, was an employer within the meaning of 42 U.S.C. 2000e(b).

3. This court has jurisdiction of this case pursuant to Title VII of the Civil

Rights Act of 1964 (hereinafter "TITLE VII"), 42 U.S.C. 2000e, *et seq.*, the Americans with Disabilities Act of 1990 (hereinafter the "ADA"), 42 U.S.C. 12101 *et seq.* and Section 7 of the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. 621 *et seq*.

4.  This action properly lies in this district pursuant to 28 U.S.C. 1391 because the claim arose in this judicial district.

5.  Plaintiff has complied with all administrative prerequisites by filing timely Charges of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on July 21, 2009 and June 2, 2010. A copy of the Charges of Discrimination are attached hereto as Group Exhibit A.

6.  On or about August 12, 2011, the EEOC issued to plaintiff Notices of Right to Sue pertaining to the above referenced Charges of Discrimination, attached hereto as Group Exhibit B.

7.  In approximately December of 2005, LEVY hired RANSOM as a Security Officer. At all relevant times, RANSOM worked for LEVY at the Illinois Institute of Technology (hereinafter "IIT"), located at 3300 S. Michigan Avenue, in the City of Chicago, County of Cook, State of Illinois.

8.  At all relevant times, RANSOM performed her job in a satisfactory manner.

9.  In approximately May of 2007 and April of 2008, RANSOM sustained work-related injuries to her left knee. On approximately July 21, 2008, RANSOM filed claims against LEVY at the Illinois Workers' Compensation Commission so that she could begin receiving workers' compensation benefits for her work-related injuries.

10. RANSOM was out on medical leave due to the above-referenced injuries from approximately July 11, 2008 to approximately January 6, 2009.

11. Upon her return from medical leave on approximately January 6, 2009, and continuing until approximately December 22, 2009, RANSOM, in good faith, believed that LEVY was engaging in a course of unlawful discrimination against her based on her age at the time, forty (40), sex, female, race, black and disability. RANSOM also believed, in good faith, that LEVY was retaliating against her for making complaints of the aforementioned discrimination.

12. On approximately April 3, 2009, RANSOM sustained work-related injuries to her neck, back and shoulder. On approximately April 23, 2009, RANSOM filed a claim against LEVY at the Illinois Workers' Compensation Commission so that she could begin receiving workers' compensation benefits for her work-related injuries.

13. On approximately June 2, 2009, RANSOM sustained a work-related injury to her left knee.

14. On July 21, 2009, RANSOM filed a Charge of Discrimination against LEVY with the EEOC regarding the aforementioned age, sex, race and disability discrimination and retaliation.

15. On approximately July 31, 2009, RANSOM filed a claim against LEVY at the Illinois Workers' Compensation Commission so that she could begin receiving workers' compensation benefits for the work-related injuries she sustained on June 2, 2009.

16. On approximately August 17, 2009, RANSOM complained to LEVY about being sexually harassed by an independent contractor who worked with her at the IIT.

17. On approximately September 2, 2009, LEVY directed that RANSOM undergo a Fitness for Duty Evaluation and placed RANSOM on an involuntary leave of absence in retaliation for exercising her rights under the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et. seq,* for filing a Charge of Discrimination with the EEOC and for her complaints of retaliation, sexual harassment, and age, race, sex and disability discrimination.

18. On approximately December 22, 2009, LEVY terminated RANSOM in retaliation for exercising her rights under the Illinois Workers' Compensation act, for filing a Charge of Discrimination with the EEOC and for her complaints of retaliation, sexual harassment, and age, race, sex and disability discrimination.

## COUNT I – IMPERMISSIBLE RETALIATION – TITLE VII

1-18. Plaintiff repeats and re-alleges Paragraphs 1-18 of the Common Allegations as though fully set forth herein.

19. The foregoing constitutes impermissible retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Sec. 2000e-2(a).

20. LEVY's course of conduct toward RANSOM showed a willful and/or reckless disregard of RANSOM'S rights to employment free from impermissible retaliatory conduct.

21. As a result of the unlawful employment practices complained of herein, plaintiff experienced, and continues to experience, loss of wages and benefits, and

suffered and continues to suffer from severe emotional distress, embarrassment, humiliation and mental anguish.

WHEREFORE, plaintiff, CARLA RANSOM respectfully prays that this Court enter an order:

(a) Declaring that the conduct of LEVY SECURITY CORPORATION, as described herein, is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, *et seq.*;

(b) Awarding CARLA RANSOM the salary, with interest, she has lost as a result of LEVY SECURITY CORPORATION's conduct;

(c) Awarding CARLA RANSOM compensatory and punitive damages;

(d) Awarding CARLA RANSOM reasonable attorneys' fees and costs under 42 U.S.C. Sec. 2000(e) - 5(k); and

(e) Awarding CARLA RANSOM such other and further relief as this Court deems proper and just.

## COUNT II – IMPERMISSIBLE RETALIATION – ADA

1-18. Plaintiff repeats and re-alleges Paragraphs 1-18 of the Common Allegations as though fully set forth herein.

19. The foregoing constitutes impermissible retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. Sec. 12103(a).

20. LEVY's course of conduct toward RANSOM showed a willful and/or reckless disregard of RANSOM'S rights to employment free from impermissible retaliatory conduct.

21. As a result of the unlawful employment practices complained of herein, plaintiff experienced, and continues to experience, loss of wages and benefits, and suffered and continues to suffer from severe emotional distress, embarrassment, humiliation and mental anguish.

WHEREFORE, plaintiff, CARLA RANSOM respectfully prays that this Court enter an order:

(a) Declaring that the conduct of LEVY SECURITY CORPORATION as described herein is in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. Sec. 12101 *et seq.*;

(b) Awarding CARLA RANSOM the salary, with interest, she has lost as a result of LEVY SECURITY CORPORATION's conduct;

(c) Awarding CARLA RANSOM compensatory and punitive damages;

(d) Awarding CARLA RANSOM reasonable attorneys' fees and costs under 42 U.S.C. Sec. 12101 *et seq.*; and

(e) Awarding CARLA RANSOM such other and further relief as this Court deems proper and just.

## COUNT III – IMPERMISSIBLE RETALIATION – ADEA

1-18. Plaintiff repeats and re-alleges Paragraphs 1-18 of the Common Allegations as though fully set forth herein.

19. The foregoing constitutes impermissible retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 *et seq.*

20. LEVY's course of conduct toward RANSOM showed a willful and/or reckless disregard of RANSOM'S rights to employment free from impermissible retaliatory conduct.

21. As a result of the unlawful employment practices complained of herein, plaintiff experienced, and continues to experience, loss of wages and benefits, and suffered and continues to suffer from severe emotional distress, embarrassment, humiliation and mental anguish.

WHEREFORE, plaintiff, CARLA RANSOM respectfully prays that this Court enter an order:

(a)     Declaring that the conduct of LEVY SECURITY CORPORATION as described herein is in violation of The Age Discrimination in Employment Act, 29 U.S.C. Sec. 623(d);

(b)     Awarding CARLA RANSOM the salary, with interest, she has lost as a result of LEVY SECURITY CORPORATION's conduct;

(c)     Awarding CARLA RANSOM compensatory and punitive damages;

(d)     Awarding CARLA RANSOM reasonable attorneys' fees and costs under 29 U.S.C. Sec. 621 *et seq*.; and

(e)     Awarding CARLA RANSOM such other and further relief as this Court deems proper and just.

## **COUNT IV – ILLINOIS WORKERS' COMPENSATION ACT**

1-18.     Plaintiff repeats and re-alleges Paragraphs 1-18 of the Common Allegations as though fully set forth herein.

19.     The State of Illinois clearly prohibits any employer from engaging in any retaliatory or discriminatory conduct against any employee because the employee exercises his/her rights under the Workers' Compensation Act, 820 ILCS 305/1 *et seq,* (hereinafter "the Act"). Section 4(h) of the Act provides in relevant part that:

> It shall be unlawful for any employer, insurance company or service or adjustment company to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act.
>
> It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.

20.     LEVY violated clearly mandated public policy of the State of Illinois when it terminated plaintiff because she exercised her rights under the Workers'

Compensation Act, 820 ILCS 305/1 *et. seq*.

21. As a direct and proximate result of the above-mentioned incidents and conduct of LEVY, plaintiff experienced, and continues to experience, lost wages and benefits, and suffered and continues to suffer from emotional distress.

WHEREFORE, plaintiff, CARLA RANSOM, prays for judgment against LEVY SECURITY CORPORATION in an amount in excess of Seventy-Five Thousand ($75,000) Dollars plus costs and for all other relief this court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES HEREIN**.

**DATE: November 9, 2011**

                                                        Respectfully submitted,

                                                        By: /s/ Seth R. Halpern

*Counsel for Plaintiff*
Seth R. Halpern
Carlie S. Marvel
MALKINSON & HALPERN, P.C.
208 S. LaSalle Street, Suite 1750
Chicago, IL 60604
(312) 427-9600